IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JAMES SMITH and CRYSTAL SMITH,     *

     Plaintiffs,            *

vs.                            *        CASE NO. 3:08-CV-79 (CDL)

ANGEL FOOD MINISTRIES, INC.,    *

     Defendant.            *

_____ *

O R D E R

This action arises from alleged religious discrimination by Defendant Angel Food Ministries against Plaintiffs James and Crystal Smith. Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 7) in which Defendant contends that the Court lacks subject matter jurisdiction because Defendant is not an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Because Defendant's Title VII "employer" status is not an element of subject matter jurisdiction, Defendant's motion to dismiss is denied.

BACKGROUND

Defendant is an organization affiliated with Emmanuel Praise Church ("EPC") in Monroe, Georgia. (Compl. ¶ 9.) According to Defendant, Defendant is a non-profit 501(c)(3) organization that "partners with churches and community organizations throughout the country to help distribute food to those in need." (Wingo Aff. ¶¶ 1-

1

2, Oct. 7, 2008.)   In October 2006, Plaintiff James Smith began working for Defendant as the Director of Information Distribution. (Compl. ¶ 7.)   Mr. Smith's wife, Plaintiff Crystal Smith, began working for Defendant shortly after her husband, serving first as a Customer Service Representative and later as an Administrative Assistant. (*Id.* ¶ 8.)

One of the terms of Plaintiffs' employment, as set forth in Defendant's employee handbook, was that Plaintiffs either become members of EPC or attend at least two of EPC's worship services per month.   (Compl. ¶ 10.)   Plaintiffs initially joined the EPC congregation; however, in September 2007, Plaintiffs decided to attend a different church because their beliefs differed from those of the EPC clergy. (*Id.* ¶ 11.) On October 26, 2007, Plaintiffs were terminated.   Plaintiff James Smith alleges he was told that he and his wife were terminated because they no longer attended EPC. (*Id.* ¶ 12.) Plaintiffs claim their termination was a result of religious discrimination in violation of Title VII.   Plaintiffs seek (1) injunctive relief, including but not limited to reinstatement; (2) back pay; (3) compensatory damages; (4) punitive damages; (5) prejudgment interest; (6) special damages; and (7) attorney fees and expenses.  (Compl. 5-6.)

Defendant moves to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, contending that Title VII is inapplicable to Plaintiffs' claims because Defendant is a religious

2

organization covered by Title VII's religious exemption. Section 702

of the Civil Rights Act of 1964 provides, in relevant part:

> This subchapter shall not apply to . . . a religious
> corporation, association, educational institution, or society
> with respect to the employment of individuals of a particular
> religion to perform work connected with the carrying on by such
> corporation, association, educational institution, or society of
> its activities.

42 U.S.C. § 2000e-1(a).[1]  Plaintiffs contend that, at a minimum,

further discovery regarding Defendant's entitlement to the exemption

is necessary, and thus Defendant's motion should be denied.  For the

following reasons, the Court agrees.

---

[1]Defendant's motion is based on the religious exemption set forth in
42 U.S.C. § 2000e-1 rather than on the so-called "ministerial exception."
The ministerial exception emerged as a way to reconcile the tension
between the First Amendment and the application of Title VII to a church's
decisions regarding employment of its spiritual leaders. *See, e.g.,
Gellington v. Christian Methodist Episcopal Church, Inc.*, 203 F.3d 1299,
1303-04 (11th Cir. 2000).  Because requiring a church to conform to the
strictures of Title VII when employing its clergy would be "an
encroachment by the State into an area of religious freedom which it is
forbidden to enter by the principles of the free exercise clause of the
First Amendment," the ministerial exception simply states that Title VII
does not apply to the employment relationship between a church and its
ministers. *McClure v. Salvation Army*, 460 F.2d 553, 560 (5th Cir. 1972).
     Defendant does not attempt to argue that the ministerial exception
applies in this case, ostensibly because the church-clergy employment
relationship is not at issue.  Instead, Defendant relies upon Title VII's
statutory religious exemption.  This "exemption allows religious
institutions to employ only persons whose beliefs are consistent with the
employer's when the work is connected with carrying out the institution's
activities." *Killinger v. Samford Univ.*, 113 F.3d 196, 200 (11th Cir.
1997).  The religious exemption therefore prevents certain employees from
suing a religious organization under Title VII, but only when the
religious organization discriminates on the basis of religion. *See, e.g.,
McClure*, 460 F.3d at 558 (observing that "[t]he language and the
legislative history of § 702 compel the conclusion that Congress did not
intend that a religious organization be exempted from liability for
discriminating against its employees on the basis of race, color, sex or
national origin").  Plaintiffs in this case allege only that Defendant
discriminated against them on the basis of religion.  (Compl. ¶ 1.)

DISCUSSION

Defendant moves to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The Eleventh Circuit recognizes two types of challenges to a district court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A "facial attack" on a complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction[.]" *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam) (second alteration in original) (internal quotation marks omitted). A "factual attack" on a complaint "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *Id.* (internal quotation marks omitted). In support of its motion, Defendant relies on various documents that are outside the pleadings. Defendant's motion thus presents a factual attack on the Court's subject matter jurisdiction.

Defendant bases its motion to dismiss for lack of subject matter jurisdiction on its contention that it is not an "employer" for purposes of Title VII. The Court finds, however, that Defendant's status as an "employer" is a non-jurisdictional element of Plaintiffs' substantive cause of action, and therefore, a motion to dismiss for lack of subject matter jurisdiction is not the appropriate procedural vehicle for presenting Defendant's "religious

4

exemption" defense.   The Court must accordingly deny Defendant's motion.

The United States Supreme Court's recent decision in *Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006), supports the Court's conclusion that the applicability of the religious exemption is non-jurisdictional.   In an analogous context, the *Arbaugh* Court sought to resolve the issue of whether the numerical qualification contained in Title VII's definition of "employer" was jurisdictional or an element of the plaintiff's cause of action.   The plaintiff in *Arbaugh* asserted sexual harassment claims against her employer pursuant to Title VII.   After a jury verdict in favor of the plaintiff, the defendant moved to dismiss the action for lack of subject matter jurisdiction.   The defendant contended, for the first time, that it was not an "employer" under Title VII because it had fewer than fifteen employees.   The trial court reluctantly granted the defendant's motion because it believed that Title VII's numerosity requirement was jurisdictional.   *Arbaugh*, 546 U.S. at 503-04.

The Supreme Court noted that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination."   *Arbaugh*, 546 U.S. at 511 (internal quotation marks omitted).   The Court first highlighted the "consequences of typing the 15-employee threshold a determinant of subject-matter

5

jurisdiction, rather than an element of [the plaintiff's] claim for relief." *Id.* at 513-14. First, a defense based upon subject matter jurisdiction can never be forfeited or waived. *Id.* at 514. Second, because courts have an independent obligation to assure themselves that subject matter jurisdiction exists, when subject matter jurisdiction depends on the resolution of disputed facts, the trial court may weigh the evidence and resolve the dispute. *Id.* Third, if a federal court lacks subject matter jurisdiction, it must dismiss the complaint in its entirety—including any pendent state law claims. *Id.* Mindful of these consequences, the Court drew a "readily administrable bright line" to assist courts struggling with the question of whether a statutory provision is jurisdictional:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* at 515-16 (internal citation and footnote omitted).

In examining Title VII's numerosity requirement, the Supreme Court first observed that "[n]othing in the text of Title VII indicates that Congress intended courts, on their own motion, to assure that the employee-numerosity requirement is met." *Id.* at 514. Additionally, the Court noted that "the 15-employee threshold appears in a separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'"

*Id.* at 515 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).  The Court also recognized that the plaintiff had invoked federal subject matter jurisdiction by pleading a colorable claim arising under federal law, in accordance with 28 U.S.C. § 1331. *Id.* at 513.  The Court thus determined that "the sounder course" would be "to refrain from constricting § 1331 or Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3), and to leave the ball in Congress' court."  *Id.*  at 515.  The Court therefore concluded that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."  *Id.* at 516.

Courts have since used the test set forth in *Arbaugh* to distinguish between jurisdictional and non-jurisdictional claims in a number of different contexts.  *See, e.g., Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (finding COBRA's statutory numerical threshold to be non-jurisdictional); *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 356-57 (5th Cir. 2006) (finding that FMLA's employee-numerosity requirement is not a jurisdictional limitation); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 339 (4th Cir. 2006) (holding that the provision of the Securities Act of 1933 limiting suits to those by the "person purchasing" a security is non-jurisdictional).  The parties have not directed the Court to binding authority specifying whether Title VII's statutory religious exemption is jurisdictional.  The Court, after conducting its own

7

review, has also failed to locate such authority.  However, courts that have considered Title VII provisions limiting the plaintiff's ability to sue have generally found those provisions to be non-jurisdictional.  *See, e.g., Thomas v. Ala. Home Constr.*, 271 F. App'x 865, 867 (11th Cir. 2008) (recognizing that Title VII's numerosity requirement is clearly non-jurisdictional in light of *Arbaugh*); *Xie v. Univ. of Utah*, 243 F. App'x 367, 371-72 (10th Cir. 2007) (finding that plaintiff was not required to prove, as a threshold jurisdictional requirement, that she was an "employee" within the meaning of Title VII); *Rajoppe v. GMAC Corp. Holding Corp.*, No. 05-2097, 2007 WL 846671, at *2 (E.D. Pa. Mar. 19, 2007) (finding that the issue of "whether the applicability of Title VII to foreign corporations that are controlled by American employers" was non-jurisdictional); *Sipfle v. Cortland Country Club, Inc.*, No. 5:04-CV-565 (NAM/GHL), 2006 WL 4701543, at *2 (N.D.N.Y. Nov. 1, 2006) (finding that whether an employer was entitled to Title VII's private membership club exemption was an element of plaintiffs' claim and not a jurisdictional issue); *Massaro v. Allingtown Fire Dist.*, No. 3:03-CV-00136 (EBB), 2006 WL 1668008, at *4 (D. Conn. June 16, 2006) (finding that whether plaintiff met the Title VII definition of "employee" was element of plaintiff's claim and not jurisdictional).

    This Court likewise concludes that Title VII's religious exemption is non-jurisdictional.  The fact that Plaintiffs allege a colorable cause of action arising under the laws of the United States

is sufficient to confer subject matter jurisdiction in this case.[2]
*See Arbaugh*, 546 U.S. at 513 ("A plaintiff properly invokes § 1331
jurisdiction when she pleads a colorable claim 'arising under' the
Constitution or laws of the United States."). Like the employee-
numerosity requirement, the religious exemption is contained in a
provision entirely separate from Title VII's jurisdictional
provision. *See id.* at 515. The provision containing the religious
exemption "'does not speak in jurisdictional terms or refer in any
way to the jurisdiction of the district courts.'" *Id.* (quoting
*Zipes*, 455 U.S. at 394).[3] Because Congress has "not rank[ed the]

---

[2]The *Arbaugh* Court noted that "[a] claim invoking federal-question
jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of
subject-matter jurisdiction if it is not colorable, *i.e.*, if it is
'immaterial and made solely for the purpose of obtaining jurisdiction' or
is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10
(quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Because Title VII
"does not define what constitutes a religious corporation, association,
educational institution, or society . . . [a]ll significant religious and
secular characteristics must be weighed to determine whether the
corporation's purpose and character are primarily religious." *LeBoon v.
Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 226 (3d Cir. 2007)
(second alteration in original) (internal quotation marks omitted). The
Court cannot say that Plaintiffs' claim is wholly insubstantial or
frivolous at this stage in the litigation, when discovery has not yet
commenced and Plaintiffs claim that they have not been able to fully
explore Defendant's religious and secular characteristics.

[3]The *Arbaugh* Court provided examples of cases in which Congress
clearly "exercised its prerogative to restrict the subject-matter
jurisdiction of federal district courts based on a wide variety of
factors, some of them also relevant to the merits of a case." *Arbaugh*,
546 U.S. at 516 n.11; *see, e.g.,* 28 U.S.C. § 1345 ("Except as otherwise
provided by Act of Congress, the district courts shall have original
jurisdiction of all civil actions, suits or proceedings commenced by the
United States, or by any agency or officer thereof expressly authorized
to sue by Act of Congress."); 49 U.S.C. § 24301(l)(2) ("The district
courts of the United States have original jurisdiction over a civil action
Amtrak brings to enforce this subsection and may grant equitable or
declaratory relief requested by Amtrak."); 7 U.S.C. § 2707(e)(3) ("[T]he

statutory limitation on coverage as jurisdictional," the Court will "treat the restriction as nonjurisdictional in character." *Id.* at 516; *cf. also Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (finding that the "ministerial exception . . . does not act as a jurisdictional bar, but rather, is best viewed as a challenge to the sufficiency of [the plaintiff's] claim under Rule 12(b)(6)").

Because the Court concludes that the applicability of the religious exemption is non-jurisdictional, the proper procedural mechanism for raising the defense is Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure. *See Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1267 (11th Cir. 1997). Instead, Defendant styled its motion as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Because Defendant bases its motion to dismiss for lack of subject matter jurisdiction on a non-jurisdictional element of Plaintiffs' substantive cause of action, the Court must deny Defendant's motion.[4]

---

several district courts of the United States are hereby vested with jurisdiction to entertain such suits regardless of the amount in controversy."); 28 U.S.C. § 1347 ("The district courts shall have original jurisdiction of any civil action commenced by any tenant in common or joint tenant for the partition of lands where the United States is one of the tenants in common or joint tenants."). Title VII's jurisdictional provision states, in relevant part, "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e-5(f)(3).

[4]The Court recognizes that conflicting Eleventh Circuit decisions exist on this issue. A majority of one Eleventh Circuit panel has held that Title VII's employee-numerosity requirement was a threshold jurisdictional issue, and thus a court could properly utilize Rule 12(b)(1) to resolve whether the defendant met the Title VII definition of

CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss (Doc. 7).  Defendant will have the opportunity to pursue its religious exemption defense with a motion for summary judgment after discovery on that issue has been completed.  The parties shall proceed with discovery in accordance with the Court's Rule 16/26 Order (Doc. 8).

---

"employer."  *See Scarfo v. Ginsberg*, 175 F.3d 957, 961 (11th Cir. 1999). The *Scarfo* panel distinguished a previous Eleventh Circuit panel decision which held that when the jurisdictional inquiry is intertwined with the merits of a case, it is error for a court to resolve the case on the jurisdictional grounds.  *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1267 (11th Cir. 1997).  The *Garcia* panel held that a court should assume that subject matter jurisdiction exists and examine the merits of the case under either Rule 56 or Rule 12(b)(6).  *Id.* at 1267.  The *Garcia* panel also concluded that the factual determination of whether a defendant constitutes an "employer" under the ADEA implicates both the merits of the plaintiff's case and jurisdictional concerns.  *Id.* at 1262-63.  Judge Barkett dissented in *Scarfo*, arguing that "*Garcia's* reasoning applies to this case" and that the district court therefore erred by using the Rule 12(b)(1) standard to resolve the issue of whether a defendant met the Title VII definition of "employer."  *Scarfo*, 175 F.3d at 962, 965 (Barkett, J., dissenting).

Subsequent cases have significantly undermined the majority's reasoning in *Scarfo*.  One Eleventh Circuit panel concluded that the reasoning in *Garcia* was "directly applicable" to the facts of *Scarfo* and thus identified an apparent intracircuit split regarding whether, in the case of an employment statute, questions of "employer" status implicated both jurisdictional concerns and the merits of the plaintiff's cause of action.  *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003).  The *Morrison* panel concluded that *Garcia*, as the "earliest case," was the prevailing law in the Circuit and held that because the merits of the plaintiff's FMLA action and its jurisdictional basis were inextricably intertwined, "[t]he proper course in this case was to resolve the attack under Rule 56 and review for sufficiency of the evidence[.]"  *Id.* at 930. The Eleventh Circuit has also recognized that under *Arbaugh*, Title VII's numerosity requirement is clearly non-jurisdictional.  *See, e.g., Ala. Home Constr.*, 271 F. App'x at 867; *Faulkner v. Woods Transp., Inc.*, 174 F. App'x 525, 527-28 (11th Cir. 2006) (per curiam).  These holdings call into question the continued viability of the majority's position in *Scarfo*, *i.e.*, that 12(b)(1) is an appropriate vehicle to resolve the question of whether a defendant is an "employer" for Title VII purposes.

11

IT IS SO ORDERED, this 4th day of December, 2008.


                                    S/Clay D. Land
                                    CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE