IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JAMES SMITH and CRYSTAL SMITH,       *

    Plaintiffs,                      *

vs.                                  *      CASE NO. 3:08-CV-79 (CDL)

ANGEL FOOD MINISTRIES, INC.,         *

    Defendant.                       *

                                        *

O R D E R

This action arises from alleged religious discrimination by Defendant Angel Food Ministries against Plaintiffs James and Crystal Smith. On December 4, 2008, the Court entered an Order denying Defendant's motion to dismiss the action. Presently pending before the Court is Defendant's Motion for Reconsideration of Motion to Dismiss or in the Alternative, Motion to Limit Discovery (Doc. 16). For the following reasons, the Court denies Defendant's motion for reconsideration but grants Defendant's motion to limit discovery initially.[1]

DISCUSSION

After further consideration, the Court confirms its conclusion that the U.S. Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), controls its determination of whether the religious exemption is jurisdictional. Defendant mounts a two-pronged,

---

[1]Defendant's brief in support of the presently pending motion exceeded the page limits prescribed by the Court's Local Rule 7.6; upon recognizing its mistake, Defendant filed a motion to exceed page limits *nunc pro tunc* (Doc. 20). Defendant's motion is granted.

spirited attack on the Court's reasoning.  First, Defendant proclaims that the Court did the "unthinkable"–callously ignored binding legal precedent which Defendant contends unequivocally holds that application of the religious exemption is jurisdictional. Second, Defendant boldly criticizes the Court's interpretation of *Arbaugh* and argues that *Arbaugh* only applies to definitional limitations on Title VII's scope.  The Court rejects Defendant's arguments.  After reconsidering its previous Order, the Court is now more convinced than ever that its previous rationale was correct, notwithstanding Defendant's apparent disbelief that any court could so conclude.

**I.   Precedential Value of *Mississippi College***

Defendant argues that the former Fifth Circuit's decision in *EEOC v. Mississippi College*, 626 F.2d 477 (5th Cir. 1980), is binding authority on the issue presently before the Court.  In *Mississippi College*, the plaintiff filed a charge with the EEOC alleging that the college, a religious educational institution, discriminated against her on the basis of race and gender.  During the course of its investigation of the plaintiff's charge, the EEOC issued a subpoena to the college requesting information on its hiring practices.  When the college refused to comply voluntarily, the EEOC brought an action in a federal district court to enforce the subpoena.  The district court denied enforcement.  *Miss. Coll.*, 626 F.2d at 480-81.  On appeal, the Fifth Circuit concluded that

> if a religious institution of the kind described in s 702
> presents convincing evidence that the challenged employment

2

>practice resulted from discrimination on the basis of religion, s 702 deprives the EEOC of jurisdiction to investigate further to determine whether the religious discrimination was a pretext for some other form of discrimination.

*Id.* at 485. Defendant thus contends that because it has produced evidence suggesting it is a religious organization and because Plaintiff alleges that Defendant discriminated on the basis of religion, *Mississippi College* requires dismissal of this case for lack of subject matter jurisdiction.

Defendant's argument, however, ignores the language in *Arbaugh* eviscerating the precedential value of the *Mississippi College* decision. In *Arbaugh*, the Supreme Court specifically instructed lower courts to accord no precedential effect to what it termed "unrefined," "drive-by jurisdictional rulings." *Arbaugh*, 546 U.S. at 511. The Supreme Court considered rulings "of this genre" to be those in which the court failed to identify whether it was dismissing the action for a lack of subject matter jurisdiction or failure to state a claim. *Id.* at 511-13 (citing *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244 (1991), *superseded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1077).[2]

---

[2]In *Hishon*, the district court dismissed the action on the basis of Rule 12(b)(1), although "[i]ts reasoning makes clear that it dismissed petitioner's complaint on the ground that her allegations did not state a claim cognizable under Title VII." *Hishon*, 467 U.S. at 73 n.2. The Supreme Court reasoned that its ultimate disposition of the case made "it unnecessary to consider the wisdom of the District Court's invocation of Rule 12(b)(1) as opposed to Rule 12(b)(6)." *Id.* Likewise, in *Arabian*

Just as in *Hishon* and *Arabian American Oil Co.*, the *Mississippi College* court never addressed the issue of "whether subject-matter jurisdiction was the proper rubric for the District Court's decisions." *Arbaugh*, 546 U.S. at 512. According to the Supreme Court, "such unrefined dispositions . . . should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the suit." *Id.* at 511; *see also Rajoppe v. GMAC Corp. Holding Corp.*, Civil Action No. 05-2097, 2007 WL 846671, at *3 (E.D. Pa. Mar. 19, 2007) (noting that *Arbaugh* foreclosed reliance on "cases decided prior to *Arbaugh* and cases that did not consider the precise issue of jurisdiction versus merits"). Accordingly, there appears to be no binding Eleventh Circuit authority regarding whether the religious exemption is jurisdictional, and the Court has a clean slate on which to apply *Arbaugh*.[3]

---

*American Oil Co.*, the Court was "not prompted . . . to home in on whether the dismissal had been properly based on the absence of subject-matter jurisdiction rather than on the plaintiff's failure to state a claim." *Arbaugh*, 546 U.S. at 512-13. In this case, Defendant relied solely upon Rule 12(b)(1) as a basis for dismissing Plaintiff's Complaint. The procedural posture of this case thus forces the Court to "home in on whether the dismissal . . . [would be] properly based on the absence of subject matter jurisdiction." *Id.* at 513.

[3]The Eleventh Circuit later noted that the *Mississippi College* Court "held that Section 702 divests the district court of jurisdiction only if the religious educational institution discriminated on the basis of religion, not on the basis of gender." *Killinger v. Samford Univ.*, 113 F.3d 196, 198 n.1 (11th Cir. 1997). Like the *Mississippi College* Court, the *Killinger* Court did not specifically discuss "the proper rubric for the District Court's decisions." *Arbaugh*, 546 U.S. at 512; *see also Killinger*, 113 F.3d at 197 (affirming the district court's grant of summary judgment in favor of the defendant religious organization);

## II.  **Applicability of the *Arbaugh* Test to the Religious Exemption**

The Court also rejects Defendant's contention that *Arbaugh* should be narrowly interpreted to apply only to those "definitional" limitations on Title VII's scope.  The Supreme Court, recognizing that courts "have been less than meticulous" in their use of the term "jurisdiction," promulgated a bright line test to assist courts in identifying whether a dismissal was for lack of jurisdiction or on the merits.  *Arbaugh*, 546 U.S at 511.  In so doing, the Court spoke in broad terms:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Arbaugh*, 546 U.S. at 515.  The *Arbaugh* test has been widely applied to various "threshold limitation[s] on a statute's scope."  *See, e.g., Trusted Net Media Holdings, LLC v. The Morrison Agency, Inc.* (*In re Trusted Net Media Holdings, LLC*), 550 F.3d 1035, 1044 (11th

---

*Killinger v. Samford Univ.*, 917 F. Supp. 773, 778 (granting summary judgment, ostensibly on the basis that the court lacked jurisdiction over the plaintiff's claims).  The Eleventh Circuit's decision in *Killinger* is therefore yet another "unrefined," "drive-by jurisdictional ruling[]" disapproved of by the Supreme Court in *Arbaugh.  Arbaugh*, 546 U.S. 511.

The Court also observes that the issue at the crux of *Mississippi College* was whether the EEOC had jurisdiction to investigate the plaintiff's charge that the College discriminated against her on the basis of gender or race, as opposed to her religion.  The factual issue of whether the College was, in fact, a religious organization covered by Title VII's religious exemption was resolved by the district court after it took "[e]xtensive evidence," *see EEOC v. Mississippi College.*, 451 F. Supp. 564, 566 (D. Miss. 1978), and the district court's resolution of that issue was not addressed by the former Fifth Circuit.

Cir. 2008) (en banc) (applying the *Arbaugh* test and finding that the requirements found in 11 U.S.C. § 303(b) for commencing an involuntary bankruptcy petition were not jurisdictional); *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 356-57 (5th Cir. 2006) (finding that FMLA's employee-numerosity requirement is not a jurisdictional limitation); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 339 (4th Cir. 2006) (holding that the provision of the Securities Act of 1933 limiting suits to those by the "person purchasing" a security is non-jurisdictional).[4]  Not all of these "limitation[s] on a statute's scope" are directly linked to the statute's definitional provisions.  *See, e.g., In re Trusted Net Media Holdings, LLC*, 550 F.3d at 1044 (limitations found in 11 U.S.C. § 303(b), not definitions section).[5]  While it is true that no other

---

[4] Defendant also argues that courts within the Eleventh Circuit "have recognized the subject-matter, jurisdictional nature of the religious exemption by holding that it cannot be waived like the other elements of a Plaintiff's claim."  (Def.'s Mot. for Recons. 9 (citing *Siegel v. Truett-McConnell Coll., Inc.*, 13 F. Supp. 2d 1335 (N.D. Ga. 1994), *aff'd without opinion*, 73 F.3d 1108 (11th Cir. 1995).)  These cases are not binding authority on this Court, and Defendant has failed to direct the Court to binding authority in support of its position.  *See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[5] At least one circuit has found a statutory limitation to be non-jurisdictional despite the text of the statute clearly stating that the statute "shall not apply" to employers with fewer than twenty employees.  In *Thomas v. Miller*, 489 F.3d 293, 300 (6th Cir. 2007), the Sixth Circuit examined COBRA's "small business exemption," set forth in 29 U.S.C. § 1161(b): "Subsection (a) of this section shall not apply to any group health plan for any calendar year if all employers maintaining such plan normally employed fewer than 20 employees on a typical business day during the preceding calendar year."  The court found the "small business exemption" to be non-jurisdictional.  *Thomas*, 489 F.3d at 300.

6

case has been located that precisely applies the *Arbaugh* test to section 702 of Title VII, the previously cited cases do make it clear that the decision to apply the *Arbaugh* test does not turn on whether the statutory limitation is found in the statute's definitions section.

Perhaps more fundamentally, Defendant's argument fails to address the jurisdictional principles which form the foundation of the *Arbaugh* decision.  The *Arbaugh* Court found that the plaintiff invoked the district court's subject matter jurisdiction by pleading a colorable claim arising under Title VII.  *See Arbaugh*, 546 U.S. at 513 ("The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332[,]" and "[a] plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States.").  The *Arbaugh* Court cited its decision in *Bell v. Hood*, 327 U.S. 678, 682-84 (1946) for this proposition.  *Id.*  Under *Bell,* a district court has jurisdiction when "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another."  *Bell*, 327 U.S. at 685.  Because this is a merits-based determination, "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [Plaintiffs] could actually recover."  *Id.* at 682.

7

In this case, Plaintiffs invoked § 1331 jurisdiction by pleading a colorable claim arising under Title VII.  If the statutory religious exemption is given one construction, Plaintiffs' claims will be defeated; if it is given another, Plaintiffs' claims will be sustained.  Accordingly, this Court has subject matter jurisdiction over Plaintiffs' claims, and it would be inappropriate to dismiss the action for lack of subject matter jurisdiction.  "If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief," i.e., that Defendant is entitled to the religious exemption, "then dismissal of the case would be on the merits, not for want of jurisdiction."  *Bell*, 327 U.S. at 682.

The Court's ruling comports not only with the instructions of the Supreme Court but also with well-established Eleventh Circuit precedent which directly addresses the distinction between a dismissal for failure to state a claim and a dismissal for lack of subject matter jurisdiction.  The Eleventh Circuit has explained that

> [w]hen a party claims a right that arises under the laws of the United States, a federal court has jurisdiction over the controversy.  If the court concludes that the federal statute provides no relief . . . then it properly dismisses that cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or 12(c).  Dismissal for want of subject matter jurisdiction is inappropriate in such an instance unless the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

*M.H.D. v. Westminster Schs.*, 172 F.3d 797, 802 n.1 (11th Cir. 1999) (quoting *Bell*, 327 U.S. at 682-83) (internal citations omitted); *see also In re Trusted Net Media Holdings, Inc.*, 550 F.3d at 1042 ("To implicate subject matter jurisdiction, a statutory requirement must speak not just to the parties' substantive rights, but also to a particular court's power."); *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997) ("[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction.").

At this time, the Court cannot say that Plaintiffs' claims are insubstantial or frivolous. Accordingly, the Court finds that the better-reasoned approach is to assume jurisdiction over this case and examine its merits. *See, e.g., Killinger*, 113 F.3d at 198 (affirming district court's grant of summary judgment to religious educational institution after the parties conducted limited discovery on the issue of whether the university qualified for the Title VII religious exemption); *see also Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 235 (3d Cir. 2007) (resolving issue of whether defendant was entitled to religious exemption on summary judgment); *cf. also Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (finding that application of Rule 12(b)(6) is the best way to resolve whether Title VII's ministerial exception applies). The Court recognizes, however, that a dispositive issue in this case is whether Defendant qualifies for the religious exemption; thus, the Court will initially

9

limit discovery to this issue until it is decided.  Defendant may renew its argument by moving for summary judgment at the appropriate time.[6]

## CONCLUSION

Because Congress did not rank the religious exemption as jurisdictional, this Court will "treat the restriction as nonjurisdictional in character." *Arbaugh*, 546 U.S. at 515.  Thus, Rule 12(b)(1) is not the appropriate vehicle to resolve the issue of whether Defendant is entitled to Title VII's religious exemption.  The Court will, however, limit discovery initially to the issue of whether Defendant is entitled to the religious exemption.  Thus, the Court denies Defendant's Motion for Reconsideration of Motion to Dismiss (Doc. 16) but grants Defendant's Motion to Limit Discovery (Doc. 16).

IT IS SO ORDERED, this 3rd day of February, 2009.

                                                S/Clay D. Land
                                                   CLAY D. LAND
                                       UNITED STATES DISTRICT JUDGE

---

[6] The Court also notes that the Eleventh Circuit has held that a "plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984).  A court's failure to grant a plaintiff this opportunity may be considered an abuse of discretion on appeal.  *Id*.  In light of Plaintiffs' assertion that discovery is necessary on the issue of whether the Defendant is a religious organization, the Court would therefore grant limited discovery even if the applicability of the religious exemption was a jurisdictional issue, as Defendant contends.